**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Daniel M. D'Agostino,<br><br>            Plaintiff,<br>vs.<br><br>Arizona Department of Economic Security, et al.,<br><br>           Defendants. | No. CV-21-01292-PHX-SPL<br><br>**ORDER** |

Before the Court is Defendants' Motion for Summary Judgment (Doc. 46). The Motion is fully briefed.[1] (Docs. 55, 57). For the following reasons, the Motion will be granted.

**I.    BACKGROUND**

On July 26, 2021, Pro se Plaintiff Daniel M. D'Agostino initiated this action. (Doc. 1). Plaintiff's operative Second Amended Complaint ("SAC") alleges that Defendants the State of Arizona (the "State"); Michael Wisehart, Director of the Arizona Department of Economic Security ("DES"); Nicole Davis, General Counsel and Chief Governance Officer of DES; Wes Fletcher, Chief Operations Officer of DES; and Leona Hodges, Deputy Director of Employment and Basic Assistance of DES illegally withheld unemployment benefits owed to Plaintiff. (Doc. 35 at 15).

---

[1] The Court notes that Plaintiff's Response was filed almost a month after the deadline to respond. Nonetheless, because Defendants are entitled to judgment as a matter of law regardless, the Court will address the arguments made therein.

Under Arizona's unemployment insurance program, eligibility for unemployment insurance is limited to one year, and DES software automatically stops payments when that year expires. (Doc. 47 at 2; Doc. 56 at 2).[2] On March 27, 2020, Congress passed the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), which created a cooperative program funded by the federal government and administered by the states to extend and expand unemployment insurance. (Doc. 47 at 3–4; Doc. 56 at 2). CARES Act programs included the Pandemic Unemployment Assistance ("PUA") program, which expanded unemployment benefits for up to 39 weeks, and the Pandemic Emergency Unemployment Compensation ("PEUC") program, which provided 13 extra weeks of benefits to people who had exhausted their state unemployment benefits. (Doc. 47 at 3–4; Doc. 56 at 2). The additional benefit programs created by the CARES Act expired on September 6, 2021. (Doc. 47 at 4; Doc. 56 at 2).

Plaintiff was discharged from his job on March 13, 2020 and applied for unemployment insurance with DES ten days later. (Doc. 47 at 5; Doc. 56 at 3). Plaintiff received state unemployment benefits for the period of March 22, 2020 to October 17, 2020, at which time he reached the monetary limit for state benefits. (Doc. 47 at 6; Doc. 56 at 4). He then became eligible for PEUC benefits which he received through March 20, 2021. (Doc. 47 at 6; Doc. 56 at 4). At that time, Plaintiff's "[b]enefits were halted . . . because the DES mainframe system was not designed to automatically override the 'benefit year' statutory cap." (Doc. 56 at 4). As a result, Plaintiff's claim and thousands of others were escalated for manual review. (Doc. 47 at 7; Doc. 56 at 5). On August 9, 2021, after this action was filed, DES completed its review of Plaintiff's claim, and the following day, it began issuing Plaintiff weekly PEUC payments as well as back payment for the investigation period. (Doc. 47 at 7; Doc. 56 at 5).

---

[2] Plaintiff's Controverting Statement of Facts failed to respond to many of the facts set forth in Defendants' Statement of Facts, so the Court treats Plaintiff's nonresponses as concessions to the truth of those facts. *See* Fed. R. Civ. P. 56(e)(2) ("If a party . . . fails to properly address another party's assertion of fact . . . the court may . . . consider the fact undisputed for purposes of the motion . . . .").

Plaintiff's SAC seeks compensatory and punitive damages as well as injunctive and declaratory relief for (1) denial of procedural due process rights; (2) failure to provide prompt payments pursuant to the Social Security Act, 42 U.S.C. § 503; (3) failure to comply with the presumption of continued eligibility pursuant to the Social Security Act; (4) failure to meet statutory obligations pursuant to A.R.S. § 23-773; (5) failure to meet statutory obligations pursuant to A.R.S. § 23-771; and (6) intentional infliction of emotional distress. (Doc. 35). The time for discovery expired on July 13, 2022, (Doc. 30), and the Court now addresses Defendants' Motion for Summary Judgment (Doc. 46).

## II. LEGAL STANDARD

Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party seeking summary judgment always bears the initial burden of establishing the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The moving party can satisfy its burden by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See id.* at 322–23. When considering a motion for summary judgment, a court must view the factual record and draw all reasonable inferences in a light most favorably to the nonmoving party. *Leisek v. Brightwood Corp.*, 278 F.3d 895, 898 (9th Cir. 2002).

## III. DISCUSSION

The Court need not address Plaintiff's case by count as the relief he seeks is, in its entirety, either barred by the Eleventh Amendment or moot.

### a. The State is entitled to Eleventh Amendment immunity.

First, Defendants argue that the Eleventh Amendment gives the State complete immunity. Indeed, "[t]he Eleventh Amendment bars suits which seek either damages or injunctive relief against a state, an 'arm of the state,' its instrumentalities, or its agencies." *Franceschi v. Schwartz*, 57 F.3d 828, 831 (9th Cir. 1995). There are three exceptions to this rule: (1) "a state may waive its Eleventh Amendment defense,"

(2) "Congress may abrogate the States' sovereign immunity by acting pursuant to a grant of constitutional authority," and (3) "under the *Ex parte Young* doctrine, the Eleventh Amendment does not bar a suit against a state official when that suit seeks prospective injunctive relief." *Douglas v. Cal. Dep't of Youth Auth.*, 271 F.3d 812, 818 (9th Cir. 2001). Defendants bear the initial burden of establishing their Eleventh Amendment defense, but once that burden is met, "the burden shifts to [P]laintiff to demonstrate that an exception to Eleventh Amendment immunity applies." *Comm. To Protect Our Agric. Water v. Occidental Oil & Gas Corp.*, 235 F. Supp. 3d 1132, 1161 (E.D. Cal. 2017).

It is plain that the Eleventh Amendment immunizes the State from suit.[3] *See Franceschi*, 57 F.3d at 831. Still, Plaintiff argues that the State waived sovereign immunity, pointing to the parties' Stipulation to allow Plaintiff to file an amended complaint that substituted the State for DES, which stated:

> Counsel for Defendants called Plaintiff on August 17, 2021 as a courtesy to express that [DES] contends it is a "non-jural entity." Counsel for Defendants informed Plaintiff that if he wished to proceed with his alleged claims against [DES], he would need to name the State of Arizona as a Defendant. Counsel for Defendants agreed to stipulate to Plaintiff amending his Complaint to name the correct Defendant for Plaintiff's alleged claims.[4]

(Doc. 16 at 2). But defense counsel's accurate assertion that the State is a proper jural entity, unlike DES, and consent to the filing of an amended complaint is not a waiver of

---

[3] Defendants also argue that DES is immune from suit under the Eleventh Amendment, which is true. *See Patterson v. Ariz. Dep't of Econ. Sec.*, 689 F. App'x 565, 565 (9th Cir. 2017) (affirming dismissal of plaintiff's claims against DES as barred by the Eleventh Amendment). But DES was not named as a Defendant in Plaintiff's SAC. (*See* Doc. 35).

[4] In Arizona, "a governmental entity may be sued only if the legislature has so provided." *Braillard v. Maricopa County*, 232 P.3d 1263, 1269 (Ariz. Ct. App. 2010). The Arizona legislature has not given DES authority to sue or be sued, making DES a non-jural entity. *See Paz v. Arizona*, No. CV-14-02377-TUC-BPV, 2015 WL 12917572, at *3–4 (D. Ariz. July 6, 2015) (holding that DES was a non-jural entity but that the State was a proper party).

Eleventh Amendment immunity.[5] *See Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 675–76 (1999) (stating that the test for finding waiver is "stringent" and generally applies only if a state voluntarily invokes federal jurisdiction or "makes a clear declaration" that it intends to waive immunity (internal quotation marks omitted)). Defending a lawsuit in federal court also does not amount to waiver of sovereign immunity; rather, "waiver turns on the state's failure to raise immunity during the litigation." *Demshki v. Monteith*, 255 F.3d 986, 989 (9th Cir. 2001) (holding a state agency did not waive immunity and was entitled to summary judgment where it raised immunity as an affirmative defense in its answer).

Here, the State did not voluntarily invoke federal jurisdiction nor clearly declare that it was waiving sovereign immunity, and it raised Eleventh Amendment immunity as an affirmative defense in its Answer (Doc. 36 at 25). Thus, the State did not waive its Eleventh Amendment defense, and Plaintiff has failed to show that any other exception applies. Accordingly, the State is entitled to sovereign immunity from Plaintiff's claims.

### b. The individual Defendants are entitled to Eleventh Amendment immunity from liability for damages and declaratory relief.

Similarly, Defendants argue that the Eleventh Amendment protects the individual Defendants, all of whom are state officials named in their official capacity, from claims for damages. (Doc. 35 at 4 ("This action is brought against the Defendants in their respective official capacity for violations of federal and state law . . . ."); *id.* at 10–11). "An official sued in his official capacity has the same immunity as the state, and is entitled to [E]leventh [A]mendment immunity." *Pena v. Gardner*, 976 F.2d 469, 473 (9th Cir. 1992); *see also Nat. Res. Def. Council v. Cal. Dep't of Transp.*, 96 F.3d 420, 421 (9th Cir. 1996) ("State immunity extends . . . to state officers, who act on behalf of the

---

[5] Plaintiff also argues that counsel's email amounted to "entrapment against the Plaintiff, a Pro Se litigant." (Doc. 55 at 12). There is no legal basis for this argument, and Defendants' counsel is under no obligation to explain the law to Plaintiff. *See United States v. Batterjee*, 361 F.3d 1210, 1218 (9th Cir. 2004) (defining entrapment); *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986) ("[P]*ro se* litigants in the ordinary civil case should not be treated more favorably than parties with attorneys of record.").

state and can therefore assert the state's sovereign immunity."). As with the State, Plaintiff has failed to show waiver or abrogation, and the Court finds no grounds for those exceptions to sovereign immunity. The *Ex parte Young* exception applies only to Plaintiff's claim for prospective injunctive relief. *See Douglas*, 271 F.3d at 818. Accordingly, the individual Defendants are immune from Plaintiff's claims for damages and declaratory relief. *See Nat. Res. Def. Council*, 96 F.3d at 423 (affirming dismissal of claims for civil penalties and declaratory relief pursuant to the Eleventh Amendment).

### c. Plaintiff's claim for injunctive relief is moot.

Finally, Defendants argue that Plaintiff's remaining claim for injunctive relief is moot because he received all of the benefits to which he was entitled under the CARES Act and the CARES Act programs have expired. Plaintiff seeks injunctive relief for "the adjudication and payment of employment benefits" and "a prohibition against further violations of law against Plaintiff and other claimants affected." (Doc. 35 at 31). "Federal courts lack jurisdiction to consider moot claims." *Rosemere Neighborhood Ass'n v. U.S. Env't Prot. Agency*, 581 F.3d 1169, 1173 (9th Cir. 2009). "A claim is moot if it has lost its character as a present, live controversy. If an event occurs that prevents the court from granting effective relief, the claim is moot and must be dismissed." *Wildwest Inst. v. Kurth*, 855 F.3d 995, 1002 (9th Cir. 2017) (internal quotation marks omitted). Still, "a defendant's voluntary cessation of a challenged practice" does not moot a case unless "subsequent events made it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." *Friends of the Earth, Inc. v. Laidlaw Entv't Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000) (internal quotation marks omitted).

Defendants assert in their Statement of Facts that "[b]y September 9, 2021, DES had paid Plaintiff's CARES Act benefits in full." (Doc. 47 at 7). Plaintiff's Controverting Statement of Facts fails to respond to that paragraph, so the Court considers it undisputed. (Doc. 56 at 5); *see* Fed. R. Civ. P. 56(e)(2). Moreover, Defendants assert that Plaintiff admitted that he received all benefits he was entitled to receive from DES by failing to respond to a Request for Admission stating the same. (Doc. 47 at 7); *see* Fed. R. Civ. P.

36(a)(3) ("A matter is admitted unless, within 30 days after being served, the party to whom the request [for admission] is directed serves on the requesting party a written answer or objection . . . ."). Plaintiff disputes that statement first by saying that "[t]he Defendants owed more than $9,000 when I filed the original lawsuit." (Doc. 56 at 6). But that is beside the point: the pertinent issue with respect to injunctive relief is whether Plaintiff has *now* received all the benefits he was owed by DES, and Plaintiff does not dispute that he has. Plaintiff also attempts to excuse his failure to respond to the Request for Admission by explaining that he has a busy schedule and that he lost his phone for a period of time. But that does not explain why he could not respond to a Request for Admission containing only one item that was served on February 1, 2022, and regardless, "[p]ro se litigants must follow the same rules of procedure that govern other litigants." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). Accordingly, it is an undisputed fact that Plaintiff has now received all of the benefits owed to him by DES at the time he filed suit.

Because Plaintiff has received all of the benefits he sought and the CARES Act unemployment programs have expired, there is no relief left for the Court to provide, and this case is moot. Defendants' citations to *Joyce v. Dejoie*, No. 20-3193, 2022 WL 59392 (E.D. La. Jan. 6, 2022), and *Price v. Mich. Unemployment Ins. Agency*, No. 20-12756, 2021 WL 927523 (E.D. Mich. Mar. 11, 2021), are on point. In *Joyce*, the plaintiffs sought injunctive relief reinstating their PUA benefits under the CARES Act after they were terminated without notice. *Joyce*, 2022 WL 59392, at *1–2. After the lawsuit was filed, the state agency reinstated all of their benefits, and federal unemployment programs expired. *Id.* at *2. The court concluded that the case was moot because the plaintiffs had received what they were owed, and there was no reasonable likelihood that they would similarly be denied benefits in the future given that "the pandemic is a singular, historic event" and there was no evidence that Plaintiffs would be in a position to receive unemployment benefits again in the future. *Id.* at *5–8. Similarly, in *Price*, the plaintiff sought payment of PUA benefits that he asserted were wrongfully denied to him. *Price*,

2021 WL 927523, at *1–2. The court dismissed the case as moot because shortly after the complaint was filed, the state agency paid him all benefits due. *Id.* at *2.

Likewise, here, Plaintiff requests injunctive relief in the form of the payment of benefits owed to him and a prohibition against further wrongful denial of benefits. He has now received all benefits owed, so there is no further relief that the Court can provide in that respect. Moreover, as in *Joyce*, there is no evidence that Plaintiff remains eligible for unemployment benefits or is likely to become eligible again in the future. (*See* Doc. 35 at 15 ("[Plaintiff] was entitled to continue receiving benefits until he exhausted his benefits in September 2021 . . . .")). Rather, it is undisputed that the relevant programs expired almost a year ago. (Doc. 47 at 4; Doc. 56 at 2). There is absolutely no reason to believe that DES will again be in a position to administer additional, federally funded unemployment benefit programs such that Defendants' allegedly unlawful conduct could reasonably be expected to recur. Thus, this case no longer presents a live controversy and must be dismissed as moot.

In sum, Plaintiff's claims against the State are barred in their entirety by the Eleventh Amendment. His claims for damages and declaratory relief against the individual Defendants are also barred by the Eleventh Amendment, and his claim for injunctive relief is moot. Accordingly,

**IT IS ORDERED** that Defendants' Motion for Summary Judgment (Doc. 46) is **granted**. The Clerk of Court shall enter judgment against Plaintiff and in favor of Defendants on all counts and **terminate** this action.

Dated this 24th day of August, 2022.

Honorable Steven P. Logan
United States District Judge